# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0242 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DAMICHAEL BROWN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court are two motions filed by Defendant DaMichael Brown ("Brown"): (1) a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and (2) a motion to appoint counsel and for an evidentiary hearing, both regarding his instant § 2255 motion. Record Documents 114 & 121. In his § 2255 motion, Brown contends that his conviction under 18 U.S.C. § 922(g)(1) is unlawful under the Second Amendment in light of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) ("*Bruen*"). *See* Record Document 114. The Government opposes Brown's § 2255 motion and contends Brown is not entitled to relief. Record Document 119.

For the following reasons, Brown's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 114] is **DENIED** and **DISMISSED WITH PREJUDICE**. Brown's motion for appointment of counsel and an evidentiary hearing [Record Document 121] is **DENIED**.

## Background

On October 28, 2020, Brown was charged in a three-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); unlawful possession of a machine gun not registered as required by law,

in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count Two"); and unlawful possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) ("Count Three"). Record Document 1. Brown proceeded to trial on Counts One and Three of the indictment only.[1] After a two-day trial, the jury returned a verdict of guilty as to Count One and not guilty as to Count Three. Record Document 87.

With a total offense level of twenty-six and criminal history category of V, Brown's Guidelines range was 110 to 120 months.[2] Record Document 99 at 18. The maximum term of imprisonment for Count One was 120 months. *Id.* (citing 18 U.S.C. §§ 922(g)(1) and 924(a)(2)). The Court sentenced Brown within his Guidelines range to the statutory maximum term of 120 months imprisonment and to three years of supervised release. Record Document 97 at 2-3.

Brown appealed his sentence. On appeal, the Fifth Circuit ordered supplemental briefing on "whether there [was] a nonfrivolous issue for appeal on plain error review regarding whether Brown's conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment under [*Bruen*]." Record Document 112 at 4. The Fifth Circuit ultimately determined that any plain error challenge to Brown's conviction based on *Bruen* failed because there was "no binding precedent explicitly holding that § 922(g)(1) is

---

[1] Before trial, the Court granted a motion by the Government to dismiss Count Two of the indictment. *See* Record Document 71.

[2] Based on this offense level and criminal history category, Brown's Guidelines range would have been 110 to 137 months. However, because the statutory maximum for Brown's crime of conviction was 120 months, Brown's Guidelines range became 110 to 120 months. *See* Record Document 99 at 18 (citing U.S.S.G. § 5G1.1(c)(1)).

unconstitutional and because it [wa]s not clear that *Bruen* dictate[d] such a result." *Id.* at 5. The Fifth Circuit affirmed Brown's conviction. *Id.*

In the instant § 2255 motion, Brown contends that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment as applied to him in light of *Bruen*. Record Document 114 at 4. Brown also contends that he is actually innocent of the charged conduct because his "alleged conduct was not criminal under the law at the time of its commission." *Id.* at 5. In Brown's second motion, Brown largely recounts the arguments made in his original § 2255 motion, and requests appointment of counsel and an evidentiary hearing regarding his § 2255 motion. Record Document 121.[3]

## Law & Analysis

### I.     28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal

---

[3] In his second motion and on reply, Brown contends that his motion is not a second and successive § 2255 petition. Record Document 121 at 3-4. The Court observes that Brown has not previously filed any § 2255 motion and that the Government has not argued that his motion is barred on this basis.

quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

## II. Analysis

The Government concedes that Brown's § 2255 motion is timely and that his *Bruen* claim is not procedurally barred because it was raised on direct appeal. Record Document 119 at 2, 5. But the Government argues that precisely because this issue was raised and decided on direct appeal, this claim cannot provide relief for Brown on a § 2255 motion. *See id.* at 6. However, the Government acknowledges that a prisoner can re-raise a claim under § 2255 if there is a change in law. *Id.* at 5-6. It also acknowledges that the analysis of the as-applied constitutionality of § 922(g)(1) has changed since the time of Brown's appeal. *Id.* at 5-6.

The Court agrees that the constitutionality of § 922(g)(1) as applied to Brown has been decided on appeal. However, out of an abundance of caution, the Court will address

the constitutionality of § 922(g)(1) as applied to Brown under current Fifth Circuit analysis.

### A. Constitutionality of § 922(g)(1) as Applied to Brown

Since *Bruen*, the Fifth Circuit has repeatedly held that § 922(g)(1) is not facially unconstitutional. *See United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024); *United States v. Branson*, 139 F.4th 475 (5th Cir. 2025) (rejecting challenges to § 922(g)(1) based on the Second Amendment, Commerce Clause, Fifth Amendment equal protection provision, and Fifth Amendment Due Process Clause).

In *Diaz*, the Fifth Circuit outlined the appropriate analysis for determining whether § 922(g)(1) is constitutional as applied to a particular defendant. 116 F.4th 458. The Fifth Circuit explained that to regulate possession of a firearm, the Government must show that such regulation is "consistent with the Nation's historical tradition of firearm regulation" by "identify[ing] a well-established and representative historical *analogue*." *Id.* at 467 (quoting *Bruen*, 597 U.S. at 24, 30) (emphasis in original). An as-applied challenge to the statute "fail[s] if 'regulating [the defendant]'s possession of a firearm is consistent with the Nation's historical tradition of firearm regulation.'" *United States v. Betancourt*, 139 F.4th 480, 483 (5th Cir. 2025) (quoting *Diaz*, 116 F.4th at 467).

"'Historically, we have disarmed felons for several reasons[,]' . . . including when an individual is deemed a threat to public safety and the orderly functioning of society." *United States v. Schnur*, 132 F.4th 863, 869 (5th Cir. 2025) (quoting *United States v. Contreras*, 125 F.4th 725, 733 (5th Cir. 2025)) (citation omitted). Thus, when an individual commits a violent crime, which "indicates that he poses a threat to public safety

and the orderly functioning of society," and raises a reasonable belief that the person is dangerous, disarmament is consistent with the Nation's historical traditions. *Id.* at 870.

Brown's pertinent criminal history includes felony convictions for aggravated second degree battery, unauthorized use of a motor vehicle, and possession of a schedule II controlled substance.[4] Record Document 99 at 10-13. The Court begins by examining Brown's conviction for aggravated second degree battery. According to Brown's presentence investigation report, the details of the offense are as follows:

> The bill of information charged that on December 28, 2008, the defendant committed the offense of Aggravated 2nd Degree Battery, in that he committed a battery upon D.C. with a dangerous weapon: to-wit: a motor vehicle, where the defendant intentionally inflicted serious bodily injury, in violation of Louisiana Revised Statute 14:34.7.
>
> The offense details reflect that the victim in this case was a police officer. Pursuant to a traffic stop and while the officer stood next to the defendant's vehicle, the defendant attempted to leave the scene. . . . [T]he defendant tried to run over the officer, and trapped the officer between the door of the officer's vehicle and a pole, causing the officer to sustain injuries to both lower extremities and chest. The defendant was shot during the incident.

*Id.* at 11-12. Brown pleaded guilty to the aggravated second degree battery charge. *Id.* at 11.

The Fifth Circuit recently found § 922(g)(1) constitutional as applied to a defendant with a conviction predicated on similar conduct. In *Betancourt*, the Fifth Circuit considered whether § 922(g)(1) was constitutional as applied to a defendant whose predicate felony

---

[4] "For the purposes of assessing [a defendant]'s predicate offenses under § 922(g)(1), [the court] may consider prior convictions that are 'punishable by imprisonment for a term exceeding one year.'" *See United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024) (quoting 18 U.S.C. § 922(g)(1)). Therefore, the Court does not consider any of Brown's non-felony offenses, i.e., offenses committed by Brown that were not punishable by one year or more of imprisonment.

was aggravated assault. 139 F.4th at 484. The aggravated assault involved an incident during which the defendant drove up to 107 miles per hour, disregarded a flashing red light, and caused a major collision that seriously injured his passenger, and the driver and passenger of the other car. *See id.* at 482.

The Fifth Circuit found that § 922(g)(1) was constitutional as applied to the defendant. *Id.* at 484. In so finding, the court rejected defendant's argument that "there is not a sufficiently apt Founding-era analogue for his aggravated assault convictions," reasoning that "the appropriate analysis involves considering whether the challenged regulation is consistent with *the principles* that underpin our regulatory tradition." *Id.* (emphasis in original) (quoting *United States v. Rahimi*, 602 U.S. 680, 692 (2024)). "[T]he Government need not identify a Founding-era 'dead ringer for, or a 'historical twin' of, a modern regulation." *See id.* (quoting *Rahimi*, 602 U.S. at 692)). Because defendant's underlying conduct made him a risk to public safety, including the safety of his passenger and the occupants of the other vehicle, application of § 922(g)(1) to the defendant was consistent with this Nation's regulatory tradition. *Id.* at 483-84.

*Betancourt* is analogous to the instant case. Brown's aggravated second-degree battery involved his attempt to run over a police officer with a motor vehicle, which resulted in the officer being pinned between Brown's vehicle and a pole. Record Document 99 at 12. The officer was injured as a result of Brown's attempts to flee the scene. *Id.* This conduct clearly put the officer's safety at risk and demonstrates that Brown poses a risk to public safety. That Brown did not use a firearm to pose a risk to public safety does not negate that risk. *See Schnur*, 132 F.4th at 870 (finding that although

7

defendant's predicate felony did not involve a firearm, the fact that it caused great bodily injury was sufficient to demonstrate that the defendant put others at risk and posed a risk to public safety).

The Court pauses to address two arguments raised by Brown. First, Brown argues that the alleged unconstitutionality of § 922(g)(1) deprives this Court of subject matter jurisdiction. Record Document 114 at 4. However, the Fifth Circuit has explained that the full extent of subject matter jurisdictional analysis for federal criminal cases is whether "the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). Brown was charged with violation of federal law, and the Court thus had subject matter jurisdiction over this matter.

Second, Brown repeatedly cites to and relies upon *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), for support that his conviction was unconstitutional. In *Connelly*, the Fifth Circuit found that 18 U.S.C. § 922(g)(3), which prohibits firearm possession by a person "who is an unlawful user of or addicted to any controlled substance" was unconstitutional as applied to the defendant in that case. *Id.* at 281-82. The Court can look to *Connelly* to draw on general principles for analyzing historical analogues under § 922(g). However, *Connelly* specifically addresses historical analogues for defendants convicted under 18 U.S.C. § 922(g)(3), that is, defendants who were convicted for possession of a firearm having been an unlawful user of or addicted to any controlled substance. It thus does not provide Brown with the support for his argument

that § 922(g)(1), which restricts firearm possession by individuals who have been convicted of a felony, is unconstitutional as applied to him.

Accordingly, § 922(g)(1) is constitutional as applied to Brown and his conviction stands.

### B. Actual Innocence

Brown also argues that he is actually innocent of the charged conduct because his "alleged conduct was not criminal under the law at the time of its commission." Record Document 114 at 5. However, claims of actual innocence are not "a free-standing ground for relief" but rather a procedural gateway to circumvent procedural barriers to relief under § 2255. See *United States v. Hogan*, No. 19-0003-02, 2024 WL 4537154, at *2 (W.D. La. Oct. 21, 2024) (quoting *Scruggs*, 691 F.3d at 671). Brown does not raise any additional grounds for relief. Even so, to make a proper argument of actual innocence, Brown must at minimum allege facts showing that either he did not actually engage in the conduct for which he was convicted or the conduct he engaged in is no longer criminal. Brown has not done so here. As explained *supra*, since *Bruen*, the Fifth Circuit has rejected facial and as-applied challenges to § 922(g)(1). See, e.g., *Diaz*, 116 F.4th at 472.

### C. Requests for Appointment of Counsel and Evidentiary Hearing

In addition to his substantive requests for relief, Brown requests appointment of counsel for his § 2255 motion. Record Documents 121 & 114 at 10. There is no constitutional right to counsel for a § 2255 motion. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). The Court

9

will only appoint a defendant counsel for a § 2255 motion in "limited circumstances," none of which are present here. *See United States v. Lerma*, No. 07-CR-0041, 2009 WL 1940030, at *1 (S.D. Tex. July 2, 2009). It is clear from Brown's filings that he is not entitled to relief. Therefore, to the extent Brown's motions seek appointment of counsel regarding his § 2255 motion, those motions are **DENIED**.

Brown also requests an evidentiary hearing on his § 2255 motion. Record Documents 121 & 114 at 10. However, Brown is not entitled to an evidentiary hearing because it is conclusive from his filings that he is not entitled to § 2255 relief. *See United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018) (finding that a court may deny a § 2255 motion without an evidentiary hearing if "the movant would not be entitled to relief as a matter of law, even if his factual assertions were true"), *as revised* (Dec. 19, 2018). There are no facts Brown could establish in an evidentiary hearing that would entitle him to relief. Therefore, to the extent Brown's motions seek an evidentiary hearing on his § 2255 motion, those motions are **DENIED**.

## Conclusion

For the reasons assigned herein, Brown's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 114] is **DENIED** and **DISMISSED WITH PREJUDICE**. Brown's motion for appointment of counsel and an evidentiary hearing on his § 2255 motion [Record Document 121] is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Brown has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 4th day of August, 2025.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE