**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-0242 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DAMICHAEL BROWN | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM RULING

Before the Court is a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 123] filed by the Defendant, Damichael Brown ("Brown"). The Government did not file an opposition brief. For the reasons discussed herein, Brown's motion is **DENIED**.

## Background

On October 28, 2020, Brown was charged in a three-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count One"); unlawful possession of a machine gun not registered as required by law, in violation of 26 U.S.C. §§ 5861(d) and 5871 ("Count Two"); and unlawful possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) ("Count Three"). *See* Record Document 1. Brown proceeded to trial on Counts One and Three of the indictment only.[1] After a two-day trial, the jury returned a guilty verdict as to Count One and a not guilty verdict as to Count Three. *See* Record Document 87. Thus, Brown was only

[1] Before trial, the Court granted a motion by the Government to dismiss Count Two of the indictment. *See* Record Document 71.

convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See id.*

The Presentence Report calculated Brown's total offense level to be twenty-six with a criminal history category of V. *See* Record Document 99 at 7-13. The Guideline range for this offense level and criminal history category is ordinarily 110 to 137 months of imprisonment. *See id* at 18, ¶ 66. However, the maximum term of imprisonment allowed by statute for Count One was 120 months. *See id.* As such, Brown's Guideline range was determined to be 110 to 120 months. *See id.* The Court sentenced Brown within his Guideline range to the statutory maximum term of 120 months imprisonment and three years of supervised release. *See* Record Document 97 at 2-3. Brown filed an appeal, and the Fifth Circuit affirmed his conviction and sentence. *See* Record Document 112.

**Law & Analysis**

**I. 18 U.S.C. § 3582(c)(1)(A) – Compassionate Release**

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)). Such circumstances include: (1) upon a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as compassionate release); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," and (3) where the defendant was sentenced based on a sentencing range subsequently lowered by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A) and (B); 18 U.S.C. § 3582(c)(2). Brown requests a

reduction in his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). *See* Record Document 123 at 1.

### A. Exhaustion of Administrative Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a compassionate release motion to reduce an inmate's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 - Dec. 20, 2018). However, after the First Step Act of 2018 a district court may consider compassionate release motions filed directly by inmates. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (effective Dec. 21, 2018). But before an inmate pursues compassionate release directly from a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time the warden receives his request. *See id.*

The administrative exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted his administrative remedies. *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). This mandatory language includes no exceptions, equitable or otherwise. *See Ross v. Blake*, 578 U.S. 632, 639 (2016) (A district court may not excuse an inmate's failure to exhaust his administrative remedies.).

Generally, "to exhaust [his] administrative remedies, a prisoner must first present to the BOP the same grounds warranting release that the prisoner urges in [his] motion." *United States v. Dodd*, No. 4:13-CR-182, 2020 WL 7396527, at *2 (E.D. Tex. Dec. 17, 2020). This is because the BOP is in the best position to assess the inmates within its

facilities to determine whether they are appropriate candidates for release under the current guidance. *See United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020).

A defendant bears the burden of proving that he has exhausted his administrative remedies before filing a motion for compassionate release. *See United States v. Singleton*, No. 14-168, 2022 WL 3576767, at *1 (E.D. La. Aug. 19, 2022). This burden requires the defendant to provide evidence that (1) he requested compassionate release from the warden, and (2) thirty days have passed since the warden received the request without a response, or the warden has denied his request. *See United States v. Avelar*, No. 3:16-CR-0351, 2022 WL 17096173, at *2 (N.D. Tex. Nov. 20, 2022) (exhaustion requirement not met where defendant failed to attach proof of his request to the warden or the warden's denial of the request).

Brown's compassionate release motion contains no evidence that he submitted a request to the warden of his facility prior to filing his motion with the Court. Rather, Brown simply checked the "Yes" boxes on the standard motion form to the questions provided. *See* Record Document 123 at 3. The first relevant question asked: "Have you submitted your request for a sentence reduction to the warden of the institution where you are incarcerated?" Brown checked "yes" but did not provide a date of submission in the blank provided on the form. *See id.* The second question asked: "Has it been 30 days since your request was received by the warden and the warden has not responded to your petition?" Brown checked "yes." *See id.* The third question asked: "Was your request denied by the warden?" Brown checked "yes" but did not provide a date of the warden's denial in the blank provided on the form. *See id.* The fourth question asked: "Have you

received a final administrative denial from either the [BOP] General Counsel or the Director of the [BOP]?" Again, Brown checked "yes." *See id.*

When a prisoner submits a request for compassionate release to the warden a record of that request is created that includes the date the request was made. Similarly, when the warden denies such a request a record of that denial is generated. Brown should have submitted a copy of his request to the warden for compassionate release, and if his request was denied, a copy of the warden's denial. Brown has presented no such evidence. Therefore, he has not met his burden of establishing that he has exhausted his administrative remedies. Because Brown has not met his burden of demonstrating that he exhausted his administrative remedies before filing his motion, the Court must deny Brown's motion for compassionate release.

**B. Extraordinary and Compelling Reasons**

Even if Brown had properly exhausted his administrative remedies prior to filing his motion, the Court would still deny his request. The compassionate release statute provides that the district court "may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). It is the defendant's burden to demonstrate extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Bozeman*, No. 14-0154, 2020 WL 5819852, at *2 (E.D. La. Sept. 30, 2020).

Brown's motion for compassionate release states that his "sentence was previously enhanced under section 4B1.1 due to a state drug offense." *See* Record Document 123 at 2. Brown requests relief based on "the new guidelines amendment effective November

1, 2025 . . . excluding state drug offenses from the career offender definition." *Id.* at 4. The Court does not comment on the accuracy of this statement, but notes that Brown's Presentence Report did not determine Brown to be a career offender pursuant to U.S.S.G. § 4B1.1. *See* Record Document 99 at 7-10. Brown's prior state drug offenses were only considered in the calculation of his criminal history score of 10, which established a criminal history category of V. *See id.* at 13. Because Brown was not determined to be a career offender, any amendment to the career offender definition found in U.S.S.G. § 4B1.1 is not applicable to his case. As such, Brown has not presented extraordinary and compelling reasons to support his request for a sentence reduction.

**Conclusion**

Based on the foregoing reasons, Brown's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) [Record Document 123] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 23rd day of November, 2026.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE